UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CANDIE L.,

                    Plaintiff,

            -v-                          5:21-CV-399

COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

OLINSKY LAW GROUP                   HOWARD D. OLINSKY, ESQ.
Attorneys for Plaintiff             JULIE ATKINS, ESQ.
250 South Clinton Street, Suite 210
Syracuse, NY 13202

SOCIAL SECURITY                     CANDACE LAWRENCE ESQ.
    ADMINISTRATION                  TIMOTHY SEAN BOLEN, ESQ.
Attorneys for Defendant             Ass't United States Attorneys
6401 Security Boulevard
Baltimore, MD 21235

DAVID N. HURD
United States District Judge

## ORDER ON MOTION FOR ATTORNEY'S FEES

On April 7, 2021, plaintiff Candie L.[1] ("plaintiff") filed this action seeking review of a final decision by defendant Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act").  Dkt. No. 1.

After the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 12, both parties briefed the matter in accordance with General Order 18, which provides that an appeal taken from a final decision denying benefits will be treated as if the parties have filed cross-motions for a judgment on the pleadings, Dkt. Nos. 15–16.

On August 4, 2022, U.S. Magistrate Judge David E. Peebles advised by Report & Recommendation ("R&R") that plaintiff's motion for a judgment on the pleadings be granted, the Commissioner's motion for a judgment on the pleadings be denied, the Commissioner's decision be reversed, and that this matter be remanded with a directed finding of disability.  Dkt. No. 20.  This Court adopted the R&R on August 22, 2022, Dkt. No. 21, and a judgment in plaintiff's favor was entered later that day, Dkt. No. 22.

On September 22, 2022, plaintiff moved for an award of attorney's fees under 42 U.S.C. § 406(b) and the Equal Access to Justice Act ("EAJA").  Dkt.

---

[1]  In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be mentioned in this opinion.

No. 23.  The former statute authorizes a court to grant reasonable fees to a claimant's attorney in a successful Social Security action while the latter one shifts litigation fees to a government defendant when certain conditions are met.  *Id*.  The Commissioner has timely responded.[2]  Dkt. No. 24.

Upon review of the submissions in light of the governing law, the Court is satisfied that the requested § 406(b) fee is reasonable and that the statutory requirements for an EAJA fee have been met.  *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) (EAJA); *Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022) (§ 406(b)); *BillyJo M. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 309, 311 (W.D.N.Y. 2021) (cleaned up) (collecting cases).

As the Commissioner correctly explains, Congress has authorized separate fee awards under *both* the EAJA (payable by the Government) and § 406(b) (payable out of a claimant's past-due benefits).  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796.  However, when an attorney seeks fees under both provisions, the EAJA award is treated as an offset: the claimant's attorney must refund to the claimant the amount of the smaller fee.  *Id*.

Therefore, it is

ORDERED that

---

[2]  As this Court has previously observed, the Commissioner does not always respond to fee requests.  Social Security is a convoluted area of law, so even a brief explanation of the reason or reasons for non-opposition to a claimant's motion can provide useful guidance to the Court.  The Court thanks the Commissioner for her detailed input in this matter.

1.  Plaintiff's motion for attorney's fees is GRANTED;

2.  Plaintiff's attorneys are awarded an EAJA fee in the amount of $5,899.29;

3.  If plaintiff has no debt registered with the Department of Treasury subject to offset, the EAJA fees shall be made payable to her counsel in accordance with her signed waiver;

4.  Plaintiff's attorneys are awarded a § 406(b) fee in the amount of $12,472.50; and

5.  Upon receipt of payment, plaintiff's counsel shall surrender to plaintiff the $5,899.29 paid under the EAJA.

IT IS SO ORDERED.

Dated:  October 5, 2022
        Utica, New York.

David N. Hurd
U.S. District Judge